

RECEIVED
IN LAKE CHARLES, LA

FEB 21 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MENARD ELECTRONICS OF LAKE CHARLES, INC. | : | DOCKET NO. 2:06 CV 2089 |
|---|---|---|
| V. | : | JUDGE TRIMBLE |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' motion to remand. (Doc. 12)[1]. It has been referred to the undersigned magistrate judge for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiff is seeking to recover for damages to its property resulting from Hurricane Rita. The defendants are the plaintiff's insurer, Maryland Casualty Company ("MCC")[2], Plaintiff's insurance agent/broker, McCrary Insurance Agency, Inc ("McCrary"), and McCrary's employee, Shawn Wise ("Wise"). The suit was initially filed in the 14th Judicial District Court for Calcasieu Parish, Louisiana. MCC removed the case to this court pursuant to 28 U.S.C. § 1441 contending that this court has original diversity jurisdiction in accordance with 28 U.S.C. § 1332.

---

[1] This court issued Minute Entry notifying the parties that if, and only if, the court finds that Derbonne was improperly joined that a sua sponte summary judgment would be entered in his favor. (Doc. 14).

[2] Plaintiff named Zurich American Insurance Company ("Zurich"). MCC has answered representing that Zurich is erroneously named in that MCC actually issued the policy. MCC is a wholly owned subsidiary of Zurich.

1

(Doc. 3). Plaintiffs have filed the motion to remand that is now before the court pointing out that Plaintiff, McCrary and Wise are all citizens of Louisiana so that the complete diversity required for original jurisdiction is lacking. MCC contends that the citizenship of McCrary and Wise should be disregarded because, it claims, they have been fraudulently/improperly joined.[3]

## Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). One prerequisite to removal is that this court must have original jurisdiction. 28 U.S.C. § 1441(a). In some cases, including this one, there is an additional requirement for removal–that "none of the parties in interest, properly joined and served as defendants" is a citizen of the forum state. 28 U.S.C. § 1441(b). If removal is based on the claim that non-diverse parties have been fraudulently/improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by, Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). In the case *sub judice*, there are no allegations of actual fraud. Accordingly, our focus is the second basis for fraudulent/improper joinder. *See, Travis, supra.*

---

[3] Traditionally the term "fraudulent joinder" has been used. The Fifth Circuit now also refers to "fraudulent joinder" as "improper joinder." See *Smallwood, infra* at 571 n.1. Obviously, this leads to some confusion. In this report and recommendation "fraudulent/improper joinder is used to refer to the traditional "fraudulent joinder."

The focus of the court's inquiry is on the joinder of the forum state citizen, not on the merits of Plaintiff's case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[4] The motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

Plaintiff makes an alternative claim against McCrary and Wise, and claims that if there is

---

[4] In other words, facts that can be easily disproved if not true. *Id.*

3

inadequate coverage that McCrary and Wise breached their duties to procure the "proper and requested insurance coverage for Petitioner to adequately protect it from the damages and losses at issue herein. . . . " Petition ¶ 11.

In asserting that McCrary and Wise were improperly joined MCC argues that there is no possibility of recovery against them because: (1) as a matter of law they owed no duty causally related to the damages claimed by Plaintiffs; and (2) any claims of Plaintiff are barred by La.R.S. 9:5606.

Agent's Duties

*Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728 (La. 1973) was a suit by an insured against his insurance agent. The insured had requested liability insurance with $100,000 limits but the agent, due to an error on his part, had only obtained $10,000 limits. In finding for the insured the court stated:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.
> 281 So.2d at 730-31.

In *Roger v. Dufrene*, 613 So.2d 947 (La. 1993) the insured sued it's State Farm agent claiming that the agent was liable for failing to obtain an indorsement providing coverage while the insured's employees were driving their own vehicles. The court noted that the duty imposed on an insurance agent in an action by his client was one of "reasonable diligence a breach of which duty results in an action in negligence." *Id.* at 949 (internal quotes omitted).

4

In *Durham v. McFarland, Gay and Clay, Inc.*, 527 So.2d 403 (La.App. 4 Cir. 1988) the insured sued his insurance agent/broker for failing to procure flood insurance coverage on the insured's residence. Defendant argued that *Karam* set out an exclusive list of the duties owed by an agent/broker to the insured. The court rejected this argument stating:

> Clay was acting as Durham's broker and thus is responsible for any fault or neglect while performing in that capacity. The jurisprudence has recognized that a broker's <u>fiduciary duty includes advising his client with regards to recommended coverage</u>, to investigate and ascertain the financial condition of prospective companies, and to notify the insured of cancellation or termination of coverage. We conclude that the *Karam* decision does not relegate the insurance broker to a mere "order taker". That case sets out the broker's duties when there is an admitted request for insurance, but <u>is not an exclusive recitation of a broker's duties to his client</u>.
> 527 So.2d at 405 (citations omitted, emphasis supplied).

The court went on to affirm the finding of fault on the part of the agent/broker. In doing so the court noted that the finding of fault was supported even absent a specific request by the insured for flood insurance. *Id.* at 407.

In *Crayton v. Sentry Insurance Co.*, 612 So.2d 767 (La.App. 1 Cir. 1992), *writ denied*, 614 So.2d 83-84 (La. 1993) the insured homeowners sued their insurance agent because their homeowners' policy was voided due to the increased risk created by the presence or paint supplies on the premises. The agent, an exclusive Sentry agent, had inspected the property and failed to inform them that the presence of the paint supplies would threaten their coverage. The agent argued that since he was an agent and not a broker that he did not owe a duty to the insureds to inform them that the presence of the paint supplies would void the policy. The court rejected this argument. First, the court concluded that the distinction between an agent and a broker was immaterial since both brokers and agents owe the same duty to a client for whom they

5

have agreed to procure insurance. *Id.* at 771. The court also held that this duty included the duty to inform "the insured upon inspection of the premises of conditions which would constitute an 'increased hazard' which would thereby void the policy." *Id.*

In *Zinsel v. J. Everett Eaves, Inc.*, 749 So.2d 798 (La.App. 5 Cir. 1999) the insured sustained a $300,000 underinsured flood loss due to the fact that its coverage had not been increased when Congress had increased the available limits of flood insurance. The insured sued its insurance agency claiming that the agency had breached the agency's duty to keep it informed of changes in available flood insurance. The court found that the agency owed a fiduciary duty to the insured to keep it abreast of pertinent changes in available flood insurance. *Id.* at 800. It affirmed the lower court's denial of liability based on evidence, including expert testimony, that the agency's duty was satisfied by the fact that the insurer had mailed the insurer a letter advising of the change in available flood insurance.

*Taylor v. Sider*, 765 So.2d 416 (La.App. 4 Cir. 2000), *writ denied*, 771 So.2d 86 (La. 2000) involved a suit by an insured against her State Farm agent. The insured had been limited to one $10,000 UM limit due to the anti-stacking provisions of Louisiana law. She claimed that the agent had breached the duty owed to her in that he had failed to explain the nature of the UM anti-stacking provisions. The court noted that both agents and brokers owe the same duty to a client for whom they have agreed to procure insurance, and, that in some cases the agent owes a fiduciary duty to the insured. Based on this the court reversed a judgment granting an exception of no cause of action.

The Louisiana Supreme Court has rejected the argument that the duty of an agent/broker depends on his status as either a broker or an agent. *Tiner v. Aetna Life Insurance Co.*, 291

So.2d 774 (La. 1974). In *Tiner* the broker was specifically found to be the mandatary of the insurer. *Tiner*, supra at 777. In so finding the court concluded that it was not the insurance agent's classification as a broker or agent that controlled; it was whether a principal-mandatary relationship existed with the insured that was determinative. "Statutes regulating licensing and defining agents, brokers, and solicitors are not intended to change or to exclude the general laws of agency. . . . " Id. La.C.C. art. 3000 specifically provides: "A person may be the mandatary of two or more parties, such as a buyer and a seller, for the purpose of transacting one or more affairs involving all of them. . . ." "The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. . . ." La.C.C. art. 3001. The mandatary must also discharge his obligations in good faith. La.C.C. art. 1759. "[W]hen the circumstances so require, the mandatary is bound to provide information. . . ." La.C.C. art. 3003.
*See also Breck Construction Co.,LLC v. Thomas, Farr & Reeves Agency, Inc.,* 852 So.2d 1151 (La.App. 2 Cir. 2003)[5]; *Dauzat v. Gem Underwriters, Inc.,* 602 So.2d 196, 200 (La.App. 3 Cir. 1992), *writ denied*, 605 So.2d 1368 & 1370 (La. 1992) (". . . insurance broker, has a fiduciary responsibility to the insured as well as to the insurer and is therefore responsible for its fault or neglect).

The affidavit of Douglas Olcsvary indicates that McCrary and Wise were asked to obtain insurance coverages that were the same as the coverages existing under a policy issued by Employers Mutual Casualty Company. According to Mr. Olcsvary this coverage included

---

[5] While *Breck* concluded that a broker/agent had no duty to inform the insured that a builder's risk policy was lapsing under the circumstances presented it specifically stated: "This case is distinguishable from prior cases that found a breach of a duty by an agent to its client for failure to notify because in those cases there was no information conveyed to the client that it was not properly insured."

coverage for the plaintiff's building. McCrary and Wise indicated that they could obtain such coverage at a lower premium so the plaintiff turned its insurance business over to McCrary and Wise. The Employers Mutual Casualty Company policy was replaced with one issued by the defendant. However, according to Mr. Olscvary, the plaintiff was not provided with a complete copy of the policy issued by MCC. The portions of the policy that were provided indicated that there was coverage for the plaintiff's building. It was not until after Hurricane Rita caused substantial damage to Plaintiff's building did Plaintiff find out that the policy obtained by McCrary and Wise did not provide coverage for Plaintiff's building. MCC has submitted Wise's affidavit and the facts set forth in that affidavit differ in material ways from the facts set out in the Olscvary affidavit. For example, Wise states that Plaintiff's prior policy did not include building coverage, and that McCrary's quote indicated that there was no coverage for Plaintiff's building. For the purposes of fraudulent joinder analysis these contested facts must be resolved in favor of Plaintiff.

Resolving ambiguities in state law in favor of Plaintiffs this court concludes that Plaintiffs' petition states a cause of action against McCrary and Wise. Furthermore, the summary judgment evidence does not reveal the presence of discrete and undisputed facts that would preclude a finding that McCrary and Wise were negligent.

Are Claims Against the Agent Barred by La.R.S. 9:5606

Defendant also argues that there is no possibility of recovery against McCrary and Wise because any such claims are barred by La.R.S. 9:5606. This statute provides, in pertinent part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee . . . shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect is discovered or should have been

8

discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

. . . .

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

The suit was filed within three years of the issuance of the MCC policy so it is the one year peremptive period that is at issue here. The one year period does not begin to run until "the alleged act, omission, or neglect is discovered or should have been discovered." As previously noted Plaintiff has submitted an affidavit that indicates that Plaintiff was not provided with a complete copy of MCC's policy, that the portion of the policy that was provided indicated that there was coverage on the building, and that Plaintiff did not discover that there was no coverage for its building until after Hurricane Rita and well within one year from filing suit. MCC argues that the plaintiff received a copy of the policy in 2004. Because, it argues, Plaintiff is responsible for reading her policy and is presumed to know its provisions the one year period started to run in 2004; well over one year prior to suit. Assuming, without deciding, that the one year period would have started to run upon delivery of the policy this court nevertheless concludes that there is at least a reasonable possibility that Plaintiff's claims against McCrary and Wise are not barred by the one year peremptive period. Contrary to MCC's representations in its brief Plaintiff has indeed alleged and provided evidence that the complete policy was not delivered. In fact, Mr. Olcsvary's affidavit represents that the portion of the policy that was provided indicated that he building was covered. Accepting, as we must in this analysis, these representations we cannot say that Plaintiff's claims are perempted.

9

Under the circumstances of this case this court concludes that MCC has failed to bear its burden of establishing that Plaintiff has no possibility of recovery against McCrary and Wise. While this court has concluded that Defendant has not borne its burden of showing that McCrary and Wise were fraudulently joined/improperly joined it is also important to emphasize what this court has not determined. In assessing its jurisdiction this court was neither called upon to determine nor has it determined the exact limits established by Louisiana law with regard to the duties of insurance agents and brokers. No "Erie guess" has been attempted. *See Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003). As it is required to do it has resolved all contested facts and all ambiguities in the law in favor of remand. Further, nothing in this report and recommendation is intended to suggest that Plaintiff will in fact recover from McCrary and/or Wise or even that Plaintiff is likely to do so. This court's conclusion goes no further than necessary to make its determination that McCrary and Wise have not been fraudulently/improperly joined–Defendants have not adequately demonstrated that there is "no possibility of recovery."

Plaintiff has made a request for an award of attorney's fees in its memorandum in support of its motion to remand. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). Applying this rule to the present case requires that the request for attorney's fees be denied.

For the foregoing reasons, it is recommended that Plaintiffs' motion to remand be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 21st day of February, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE